UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TIFFANY D.,

              Plaintiff,                     **DECISION AND ORDER**

    v.

                                      1:23-CV-00044 EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

## INTRODUCTION

Represented by counsel, plaintiff Tiffany D. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 9), and Plaintiff's reply (Dkt. 10). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 9) is denied.

## BACKGROUND

Plaintiff protectively filed her application for SSI on June 8, 2016. (Dkt. 7 at 16, 38-39. 69).[1] In her application, Plaintiff alleged disability beginning July 1, 2012. (*Id.* at 31, 71). Plaintiff's application was initially denied on July 20, 2016. (*Id.* at 78-89). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William W. Weir on July 25, 2018. (*Id.* at 33-68). On September 18, 2018, the ALJ issued an unfavorable decision. (*Id.* at 16-32). Plaintiff requested Appeals Council review; her request was denied on May 28, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 7-13). Plaintiff filed an action in this District seeking review and on February 3, 2021, the Hon. Jeremiah J. McCarthy entered a Decision and Order remanding the matter to the Commissioner for further administrative proceedings. (*Id.* at 626-39).

On remand, the Appeals Council issued an order dated February 22, 2021, in which it instructed the ALJ to offer Plaintiff the opportunity for a hearing, take any action needed to complete the administrative record, and issue a new decision. (*Id.* at 643). The ALJ held a hearing on August 9, 2021. (*Id.* at 565-97). On September 16, 2022, the ALJ again issued an unfavorable decision. (*Id.* at 541-64). This action followed.

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

## **LEGAL STANDARD**

I. **District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

II. **Disability Determination**

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in

substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *see id*. § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in

the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

I. **The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since June 8, 2016, the application date. (Dkt. 7 at 546).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of seizure disorder, asthma, back pain, and degenerative joint disease of the right shoulder. (*Id.* at 547). The ALJ further found that Plaintiff's medically determinable impairment of depression was non-severe. (*Id*. at 547-49).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*. at 549). The ALJ particularly considered the criteria of Listings 1.15, 1.16, 1.18, 3.02, 3.03, and 11.02 in reaching this conclusion. (*Id.* at 549-50).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), with the following additional limitations:

> [N]o more than occasional over shoulder work; no concentrated pulmonary irritants or extremes of temperature; no work at unprotected heights or around dangerous machinery, tools, or chemicals.

(*Id.* at 551). At step four, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that Plaintiff was capable of performing her past relevant work as a cleaner. (*Id.* at 556-57). The ALJ further relied on the VE's testimony to conclude in the alternative at step five that, given Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff was capable of performing, including the representative occupations of photocopy machine operator, mail clerk, and retail marker. (*Id*. at 557). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 558).

## II.     Remand for Further Administrative Proceedings is Required

Plaintiff asks the Court to reverse or, in the alternative, remand this matter to the Commissioner, arguing that: (1) the ALJ erred in ignoring five separate opinions issued by physician's assistant ("PA") Peter McKenna and chiropractor Dr. Scott Croce; and (2) the ALJ failed to properly evaluate Plaintiff's chronic pain syndrome and fibromyalgia at step two and beyond. (Dkt. 8-1 at 1). For the reasons set forth below, the Court finds that the ALJ committed error in failing to consider the identified opinions and that remand for further proceedings is required.

### A.     Consideration of Opinion Evidence

Under the regulations applicable to Plaintiff's claim, the ALJ was required to evaluate all opinions provided by treating sources. *See Roberts v. Berryhill*, No. 1:17-CV-01129 (HBF), 2019 WL 1146343, at *8 (W.D.N.Y. Mar. 13, 2019). While physician's assistants and chiropractors are not considered acceptable medical sources under the applicable regulations, "[o]pinions from other sources should be evaluated based on the

same factors for the evaluation of the opinions of acceptable medical sources." *Santiago v. Comm'r of Soc. Sec.*, No. 6:19-CV-06106 EAW, 2020 WL 5810013, at *3 (W.D.N.Y. Sept. 30, 2020) (citation omitted). Here, it is undisputed that the ALJ failed to offer any assessment of two opinions offered by Dr. Croce and three opinions offered by PA McKenna.

Defendant concedes that "the ALJ should have articulated his consideration of the evidence from Dr. Croce and Mr. McKenna," but argues that "any error was harmless because there was no reasonable likelihood that the evidence would have changed the ALJ's determination." (Dkt. 9-1 at 11). The Court is unpersuaded by this argument, particularly as it pertains to the opinions issued by PA McKenna.

PA McKenna issued functional assessments of Plaintiff in October of 2013, October of 2014, and November of 2014. (*See* Dkt. 8-1 at 4-5). Defendant argues that these opinions "do not pertain to the relevant period" because they pre-date the application date. (Dkt. 9-1 at 12). This argument lacks merit. In the absence of evidence that Plaintiff's condition meaningfully improved after PA McKenna issued his opinions—which the record here does not contain—there is no basis to conclude that PA McKenna's opinions were not relevant to Plaintiff's RFC.

Defendant further argues that PA McKenna's November 2014 opinion, in which he opined that Plaintiff had moderate limitations in walking, standing, sitting, lifting, carrying, pushing, pulling, bending, using her hands, and climbing (*see* Dkt. 7 at 1092), is consistent with the ALJ's conclusion that Plaintiff is capable of light work (Dkt. 9-1 at 12). While it is true that moderate exertional limitations may generally be accounted for by an RFC

finding of light work, *see, e.g., White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019), Defendant's argument ignores the fact that PA McKenna also opined that Plaintiff was moderately limited in using her hands. The ALJ's RFC finding contains no limitations on, for example, fingering or grasping, and the Court cannot conclude that it fully accounts for all of the limitations identified by PA McKenna such that the failure to even consider his opinions was harmless error. Accordingly, the Court finds that remand of this matter for further administrative proceedings is necessary.

### B. Remaining Argument

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was erroneous. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted to the extent that the matter is remanded for further administrative proceedings.

Defendant's motion for judgment on the pleadings (Dkt. 9) is denied.  The Clerk of Court is directed to enter judgment and close this case.

    SO ORDERED.

_____<br>
ELIZABETH A. WOLFORD<br>
Chief Judge<br>
United States District Court

Dated:  January 29, 2024
        Rochester, New York